All right, let's pick up Excalibur Energy Co. v. Rochman. Please proceed. May I please report? This appeal arises out of a decision on remand in the trial court on February 23, 2015, which it is Excalibur Energy Co.'s position to exceed the scope of the mandate. My name is Janet Oakman. I represent Excalibur Energy Co. Okay, could you speak up a little bit? Yes. The acoustics are terrible. There are – this is a very narrow issue, and there are three reasons why Excalibur Energy Co. is taking the position that the dismissal with prejudice of the second amended complaint is – exceeds the scope of the mandate. The first of those reasons is that the trial court viewed material other than the mandate and the opinion out of this court that was entered on August 18, 2014, when it entered the ruling that the complaint needed to be dismissed with prejudice. And at the hearing that day, it viewed the motion to dismiss that was filed in the lower court and the prayer for relief on that motion to dismiss that asked for dismissal with prejudice and used that as a basis of its decision. And under Illinois law, on remand, the trial court may only look at the mandate and the – and if the mandate allows it, the opinion in this case, the mandate specifically stated that there would be proceedings on remand that must take place in accordance with the opinion, and the opinion was attached to the mandate. The second reason that we're seeking reversal of this dismissal with prejudice is that the court held in its opinion that the tax court has exclusive jurisdiction over issues dealing with the validity of the tax fee. And so the court that was dealing with the ejectment action that was raised by Excalibur Energy Company lacked subject matter jurisdiction. And so a dismissal based on lack of subject jurisdiction is not a determination on the merits and cannot be with prejudice. The third reason that the dismissal with prejudice should be dismissed is that the trial court in the 09-MR-32 case, which was appealed to this court and ruled on in the 2014 decision, was not a tax court and had – and according to that decision, had no power to rule on the merits. And so a dismissal with prejudice was not within its power. And if the only thing it could have done in line with the opinion expressed by this court was to transfer the case to the trial court or to the tax court or to decide the case was dismissed without prejudice or to specify that it was not a ruling on the merits, there are two cases that indicate – there are obscure cases, but that you could have a dismissal with prejudice if there was – if there was a claim that this isn't intended as a ruling on the merits. And the court did that, but there was not a record of it until later in the proceeding. So the instructions below could be, well, we just need to specify that this is not a ruling on the merits. Or it could be a dismissal, like I said, without prejudice. So there are – there are recent – I'd like to discuss the recent developments in the case law that deals with these issues, and in particular the Illinois Supreme Court case that was decided in December of 2015. And it does not preclude this court from ruling in Excalibur Energy's favor. In that case, there was no discussion of whether the record owner received notice of the tax proceeding. And in that case, the record owner was correctly identified and was notified in accordance with the statute. And the court discussed the diligence that was – that took place in trying to notify the record owner, and the record owner was named in the publication notice. And the summary judgment evidence in this case, which is not an issue on this appeal – Counsel, which Supreme Court case are you referring to? It's – Is it cited in your brief? No, it's a recent one that I just found when I was preparing for oral argument. Counsel, you're going to need to ask Lee to cite additional authority. Okay, that would be – And then I'm going to give the other side the opportunity to respond to that, because I didn't recall the case you're referring to. And, again, you're going to ask me to leave to do that, and then I'll give the other side the opportunity to respond. May I ask Lee to end oral argument, or do we – Formal motion. Yes, sir, formal motion. Formal motion. Yes. All right, well, thank you. And then – Excuse me. How long would you like to file your motion to cite additional authority? It really is – it isn't important to the merits of this limited issue of whether – of the subject matter jurisdiction. It's just that it would – So are you going to forego that? Do you want to cite the authority, or – No, I don't want to cite the authority. I was just dealing with the policy concerns that I'm anticipating, and I was going to talk about policy concerns about supermarketability of title of tax deeds compared to the risk of confiscation of title, which our statutes deal with very thoroughly, and I can deal with that just as a policy matter without discussing the case law. And nothing prevents the ruling that I'm requesting the Court to do today, and the mandate that issue was very clear that the trial court lacked subject matter jurisdiction to proceed, and that was the basis of the dismissal. The Court specifically said the case should have been dismissed on Rockman's motion. Accordingly, the summary judgment is reversed, and all of the cases cited in the mandate dealt with that you couldn't bring a quiet title action and accomplish such a thing by quiet title. It had to be done in a 1401 proceeding. And so in light of the analysis provided by the Court, it's clear that the ejection action was done without improper court and the Court lacks subject matter jurisdiction. And so the dismissal – Let me ask you on that. In Illinois, there is no tax court. There's a circuit court, which is the court of general jurisdiction, and you referred in your brief and in your argument here to the tax court. And I'm going to refer to our first case as Excalibur I. In Excalibur I, our direction was you can't attack this tax deed through an ejectment proceeding. And there was the 1905 case, which you argued would allow you to do that, but said no, you need to attack the tax deed in the tax deed proceeding, which would be in the circuit court. And I understand through the briefs that you've done that, that there is a 1401 petition under 1401F attacking the tax deed proceeding by which Roachman, the other side, makes their claim for title. So let me ask you this. Why does it make a difference if the ejection – the ejection – ejectment claim is dismissed with prejudice or without? Well, it's – they filed a motion to dismiss saying that there was determination on the merits. And my argument is that there was no determination on the merits. So – And who filed and which proceeding? The – Ms. Roachman – I don't know, Ms. Roachman, I don't know how to pronounce her name. The Roachman case. Filed a motion to dismiss in the tax court proceeding that was filed subsequently. In the tax deed proceeding. The tax deed proceeding, yes. And – Claiming race to your cut. Right. That there had been a determination on the merits. And so a dismissal with prejudice under Rule 273 is a determination on – a final determination on the merits unless it's for lack of jurisdiction or otherwise specified or – you know, there are a couple other enumerated reasons that I've outlined in my brief. So has your – has the motion to dismiss filed by Roachman in the 1401 petition tax deed proceeding, has that been heard by the trial court rule on it? No, it's being – it's been stayed pending this appeal. And so I guess with regard to my argument and with regard to a court of general jurisdiction and a lack of subject matter jurisdiction in a court of general jurisdiction, I've got a pending case in Missouri that's similar to that where the legislature has identified the juvenile court, which is a division of the circuit court in Missouri, as having exclusive jurisdiction over certain issues. And so it might be required in Illinois or in Missouri, and the issue is that I'm having – where only – tax deeds can only be heard within the context of a tax proceeding under the filing. So that might not be called lack of subject matter jurisdiction. But it also – the dismissal that said you can't bring an ejectment action in a miscellaneous proceeding is not a determination on merit. The summary judgment evidence wasn't reviewed by this court, and there was no final determination on the merits. But something – I'm trying to find a category under Rule 273 to put this in so that it's not deemed race judicata. But bringing the wrong form of action out of time would not be a dismissal based on subject matter jurisdiction in light of the fact that we're courts of general jurisdiction. Do you agree with that or not? Or is that what you're arguing? I'm arguing – I'm using the term subject matter jurisdiction to fall within a category of Rule 273 that allows the case to proceed in a different – in the tax proceeding. There was a dismissal of the case with prejudice. But that may be – that may well be that that's allowed with – without talking about subject matter jurisdiction. I mean, obviously, the property – everything is here. So is your difficulty – what you're telling us your difficulty is just putting a label on it so the best you can do is say subject matter jurisdiction? Well, I guess I chose the wrong label apparently. And you brought that to my attention. Just asking. No, I think you're right. I see your point. And that is a point that's – like I said, I've got that pending in another case that's causing problems for another client. If there's not a box to put it in, what do you do? But what I need is permission to proceed in the lower court. And they dismissed it with prejudice as if the dismissal was – as if this court had reversed the dismissal of – reversed the order denying the dismissal of the case. And that motion to dismiss would not have allowed a dismissal with prejudice. And nothing in the opinion addressed the merits of the case. And the – only her prayer for relief asked for dismissal with prejudice, and it was incorrect. And that was argued in the trial court that she can't have dismissal with prejudice for these reasons. And the court agreed – the trial court agreed with us. And so it's just this – they brought this page in from the – from her motion to dismiss and said, hey, we want a dismissal with prejudice. So we're appealing that because it's hindering our ability to proceed in the tax court. In the text, you're proceeding on your 214.01 petition, which redirected that that's the route you should go as opposed to the ejectment in the MR case. That was my understanding of the court's opinion. I have no other questions. Thank you, Your Honor. Argument for the athlete. Thank you, Your Honor. Louise Fowler on behalf of Marilyn Rockman. And before I start my argument, I'd just like to inform the court that that is DG v. Cornelius, that most recent – I can't hear you. Say that again. Just as a sidebar, that was DG v. Cornelius, the most – Oh, the Supreme Court case that was referred to that she does not want to cite. Yes, but just as a reference. Does she want to cite it? So do you want to cite it? No, I was just saying as a courtesy before I start my argument that it's DG v. Cornelius, the most recent case. Well, we're not going to consider it unless someone formally asks us to. Absolutely. Your Honor, again, Mindy Spellier on behalf of Marilyn Rockman. We're here on the second appeal today specifically because Excalibur is asking this court to reverse the trial court's issuance of the mandate. And this appeal is set forth before this court solely to allow Excalibur to refile its injectment action into the tax deed case. Now, I want to be perfectly clear on that because this appeal is not saying to this court, hey, I have a right to file a 214-01 in the tax deed case and they're not letting me do it. This appeal has solely been brought for the reason that this case, this action in injectment, should have been dismissed without prejudice. And we disagree with that. And we, for the reasons I'll set forth here, find this appeal to be frivolous and in bad faith. The notice of appeal filed in this case specifically appealed from the May 27th denial of a motion to reconsider. It did not list that it was appealing from a February 23rd, 2015 order issuing the mandate. So it's unclear. And as we set forth in our brief, it's actually unclear whether Excalibur is attempting to file this second appeal against your August 2014 order or whether Excalibur is attempting to appeal from the trial court's February 23rd, 2015 order. Because the notice of appeal lacks to indicate that date. It just says the final judgment and decision. Well, it's undisputed that this court's August 2015 order was the final judgment. That's not even under question. So the second issue is that in the notice of appeal, Excalibur specifically sets forth that it's seeking to ask this court on this second appeal to reverse the trial court's mandate to stay without prejudice. However, in its appellate court brief, it doesn't even ask for that. It simply prays that this court make a finding that it's a dismissal for lack of jurisdiction. Our position is that in the first appeal in this case, this ejectment case, that the court had jurisdiction over the case, the property, and the parties. The issue in the case is the first appeal was that Excalibur brought an ejectment action. And what this court was saying in its August 2014 opinion is, hey, you can't bring an ejectment action to take out a tax deed. Loss is inapplicable. You have to file under Q1401. So there's a difference. I apologize, but the pleadings that I looked at, for example, the response to your motion to enforce judgment, they talk about this being an issue related to the 2-1401 petition. So your preliminary comments about this isn't related to that, I'm having trouble with, because that's, at least according to the pleadings I reviewed, there's some conflict in what you've said and what the documents are showing me. That's a valuable point, Your Honor. I believe what I'm trying to articulate is that there's a conflict in what has been set forth in the notice of appeal and in Excalibur's brief in the second appeal. The issue of 273, Supreme Court Rule 273, and the tax deed case, is not before this court. Did you object to the notice of appeal? We filed the motion to dismiss it. But for the reasons that have been briefed or ‑‑ Yes. I mean, it seems like the case went on to brief all the 1401 issues that we've been talking about. So I guess we'll take a look at that. The Excalibur case is specifically asking in the second appeal for this case. This case, meaning this one right now. The ejectment case. The ejectment case. The ejectment case. And we argue ‑‑ What Justice Schwarm referred to as Excalibur I. I'm sorry? That's the ejectment case. Excalibur I, when Justice Schwarm asked the question, he referred to it as Excalibur I. Correct. So are you talking about Excalibur I? Yes. When you say this case? Yes. Okay. Thank you. Excuse me. I'll correct myself. It's confusing. Yeah. It is the Excalibur I case. Okay. So earlier in the argument and presentation, Excalibur's counsel just informed you that Marilyn Rockman had filed a motion to dismiss the 21401 action, which has been stated. And that's not true. What happened was that a 21401 action was filed in the 93TF space, and my client filed multiple counts to dismiss that action. And then Excalibur sought leave to amend the part that was pending in the 93TF case as an action in ejectment. It's an action in ejectment as pending in the 1993TF case. And that's the premise for this appeal. Excalibur is asking this court to revisit its opinion, its August 214th opinion, and ask for leave to either, according to the notice of appeal, for a finding without prejudice, or according to its brief, for a finding that you do not have jurisdiction to hear Excalibur I. And we take issue, legal issue with that, because this court had jurisdiction to hear Excalibur I. It was an action brought solely in ejectment. You hit the property, you hit the parties. What happened in this case is that Excalibur stood down from filing the 21401, which is likely why this court cited and relied on Bushman in its final opinion, and now Excalibur I. Now, in its reply brief, in this instant appeal, I guess I'll call it Excalibur II for clarification, Excalibur asserts to this court, hey, you know, if Marilyn Rothman would have thought a 21401 petition should have been filed, she should have filed it before that final motion to dismiss in Excalibur I. And what we're seeing is that from 2009 until 2014 in Excalibur I, Excalibur elected not to file the 21401 petition. In our read of the opinion, in Bushman, where Bushman was a case where a party filed a quiet title action alongside of a 21401. So in Bushman, the party didn't weigh its right to file a 21401 or hold it back or try to cripple the other side from argument. So in this case, as early as 2011 in Excalibur I, what you have is Marilyn Rothman arguing way back into the case as early as 2001, hey, you've got to file a 21401. And on the record, cited only for the purposes of this appeal for clarification of the misstatements, for the record, C-204, 206, specifically 206, Excalibur is saying, hey, you know what? Whether 21401 applies, you know, that's not an issue right now. We're not ready for that yet. Okay, and our position is that a party has to bring any and all claims in Excalibur I that they could have brought. And that's the way we read your opinion, that 21401 provided the only vehicle. The court's opinion starts out with SI securities. It walks through the property tax code. It talks about what is a void and voidable order. It distinguishes by a case that it cites where first time the bond case 21401F was filed alongside a 22454 within two years. So all of the cases cited in this court's opinion stand for the premise that 221401 would have had to have been filed in two years. But all of that is for the subject of the tax deed court. This court had jurisdiction to hear the ejectment action and say that it was wholly improper and inappropriate because you can't attack the tax deed. So you believe that in the prior opinion that this court determined all of those issues, all the factual issues for the ejection action? No, ma'am. No, okay. And do you believe that this court, by its prior opinion, precluded Excalibur from filing a 21401 petition after this court ruled in Excalibur I? I'm going to answer that question. I think that that's a question for the tax file to refer, but to answer you forthright, no. I don't think that the opinion supports that they have a right to file that. I think the opinion set forth cases right out of this district that set forth that it's subject to a two year statutory limitations. And that the only case present in tax titles period is Divine Bank, which involved a 21401 alongside a timely two year 22454 collateral attack. But I am trying to answer this court's question, but I would argue that that is an issue for the tax trial court on a tax exclusive jurisdiction of the tax trial court. What I'm stating is that Excalibur doesn't seek or dispute or appeal from whether or not they have a right to file a 21401 in the tax trial court. The only issue before the court here today is this. As brought by Excalibur, is can they refile the ejectment action in the tax trial court? Okay, so two things. One, you answered, Justice Schwarm, that you do not contest their right to file a new action under 2-1401. Did I hear that correctly? You agree that they would have the right under the prior Excalibur I? No, I said I did not agree. Okay. And I'm looking at the amended notice of appeal that was filed May 27th of 2015, and it specifically talks about the 2-1401 relief. So, again, I disagree. I think that this amended notice of appeal dated May 27th says, specifically, this amended notice of appeal designates any part of the judgment in denial of motion to vacate that is not deemed moot by a portion of defendant's motion to dismiss pending in the tax trial court. This whole inclusion of that is read, in our opinion, to mean that if prior to hearing today, the tax trial court would have ruled on a motion to dismiss, then she's saying that it's not deemed moot, and she's saying then this appeal would be harmless error. But certainly, had they ruled, you would say this is all moot, right? Right. But I don't think that the appeal was appealed. Okay. But they have not ruled, I think you said to Justice Schwarm. There's been no ruling, or someone said that there's been no ruling by the tax court? No, Your Honor. Okay. Sorry to interrupt. No, absolutely. So, Your Honor, Excalibur wants this court in sum to nullify the entire proceeding from 2009 to 2014 and say, hey, you know what, as a plaintiff, I get to pick and choose when I file to 1401. I can hold that in my arsenal later. I can litigate from 2009 to 2014 only under the action of ejectment, and then because I decided to waive those issues and I lose on Excalibur I, I get to re-apply the whole thing into the tax trial court because that was all a nullity, and we respectfully disagree. An adjudication was had on the merits in the trial court in Excalibur I. This court had four issues in front of it. It heard those issues. Those were fully briefed. This court came to the conclusion that Rockman's motion to dismiss should have been granted, and it came to that conclusion and it cited in its opinion that Marilyn Rockman had argued that only the tax court had exclusive jurisdiction and that the ejectment action was barred by statute. This appeal today, Excalibur is asking this court to otherwise specify pursuant to Supreme Court Rule 273, which is not even before this court, for an issue. The sole issue for the court today should be did this court intend to enter Excalibur I's opinion without or lack of jurisdiction? Was that this court's intent? Did this court intend to enter Excalibur I without prejudice? If that's what the court intended, then by all means, we respect the court, but we don't believe that to be the case. We believe it to be the case that you had subject matter jurisdiction over the ejectment action and that you were simply saying that you can't attack the tax deed in the ejectment action and therefore it's dismissed. That's why we cite in our case the briefing supporting the fact that a dismissal that does not say without prejudice, does not say for lack of jurisdiction, does not say it was due to amend is a dismissal with prejudice and we have argued that this was never presented to this court. The specific direction of this court is very important. Nobody ever asked this court to amend it and that's all dating back to August 2014. The trial court itself said in this Excalibur I remand that it had believed when it entered its order it was doing the ministerial act of entering this court's mandate. There's no court reporter from February 23rd hearing. Excalibur didn't pay or provide for one. There's dispute and wrangling throughout the record thereafter about stricken bystander reports. They're stricken, they're stricken. Now they're supposed to be affidavits. They're not. There's the trial court seemingly getting frustrated and repeatedly saying that the bystander reports and this appeal did not set forth evidence and that he simply was doing the ministerial act of what he interpreted this court's order to mean. That it stated it should be dismissed and more importantly it failed to state that it was a dismissal for lack of jurisdiction or a dismissal without prejudice. Now in this appeal today we've also asked this court to strike fortunes of Excalibur's brief labeled procedural background. For the reasons set forth we rely on our brief for the motion to strike. We clearly label it procedural background. There are misstatements of fact in that case, in that section of Excalibur's brief and we believe that this appeal is simply asking this court to revisit its August 2014 order and make some adjustments that were never prayed for in the first instance. If the court used this as an appeal from the February 23rd, 2015 order of the trial court then what this court has is a 427 transcript wherein Judge Sternbach is on the record saying that he believed after examination of the opinion he was just doing a ministerial act per the order of the court. The opinion doesn't say for lack of jurisdiction and the effect of that is that a finding in Rockman's favor or upholding the opinion would mean that the injectment action without doubt is barred from there be filing in the tax deed case. Now here's the point of that. Excalibur 1 was an injectment action which I think we heard earlier today in argument in the law sets forth is what? It's for possession. If hypothetically speaking a 214-01 petition is filed, amended, amended in the 214-01 tax deed and hypothetically wins, what happens? What's the legal effect of that? Marilyn Rockman doesn't have title because the tax deed's taken out. What issue is there of their possession? The only reason Excalibur wants to take the 2009-2014 litigation and shove injectment into the tax deed case is they want a way to try to ask for attorney fees and costs. That's it. And that's set forth in our brief, okay, because under a 214-01 petition, a collateral attack, it does not provide pursuant to the statute for attorney fees and costs, and that's why they wanted to add it in. And likely that's why in Excalibur 1 they filed an injectment and stood down and waived their right to file the 214-01, intentionally failed and elected to not add all the necessary parties and basically tried to tie Rockman's arm around her back in the injectment proceeding and say, hey, you can't bring the defense of 214-01. We never filed it in the first instance. And all of this, Your Honor, it does not comport with the notions of fair play and justice that's set forth in the civil code of procedures. You don't get to file litigation in this state and piecemeal it up to the courts. You don't get to file complaints for six years in this state on a hunt-and-peg, let's see what sticks, theory. You have to know what your complaint is. You have to make those legal choices as a counselor. You have to decide what your legal cause of action is. And if you bring an action that fails to state a claim for which relief can be granted, you do so at your own peril. If you don't ask for relief to amend when that's happening, you do so at your own peril. You don't get a right to say, I'm going to hold back this statutory provision over here and see if I can't shore up attorney fees when, in good faith and spirit of the law, you truly believe the tax gate is void. Why wouldn't you not employ every procedural right granted to you and legal law granted to you? There's no justification for it. In closing, Your Honor, I just want to hit on three quick points. Excalibur has made flagrant misstatements to this court in its briefing and now as cited in the 427 transcript to Judge Sternbach and again to this court today. We are officers of the court. We have a duty to tell you the true and correct facts of this case whether they are... Take this off. Thank you, Counsel. We can ask for signatures for granted also. Thank you, Counsel. Thank you, Your Honor. Please proceed. With all due respect to opposing counsel, the notice of appeal clearly identified the dismissal with prejudice that the trial court entered and I did not state the date of that decision and then I stated the day of the decision on the motion to vacate. So I think that the opposing... And clearly there was no reason to appeal the August 18, 2014 order that has the plenary jurisdiction for an appeal expired that that would be a nonsensical appeal to bring. So obviously the appeal is of the trial court's order and I clearly talked about the mandate, the scope of the mandate. This appeal is about the trial court exceeding the scope of the mandate. And then with regard to... When I brought this as an ejectment action, I was trying to avoid the constitutional question and the title, the way the title was written, and by the way, my summary judgment evidence, I misquoted it in my brief and it's not really relevant to this appeal, but it's found at 273 to 430 and I miscited the page numbers in my brief. But in that summary judgment evidence, I clearly proved title in my client and so there was no reason in my mind to sue a government entity and to prove what I needed to prove in that case. Are all of these facts that are being argued really relevant to what's before us here? I mean all these facts about what's going on in this court and that court and I mean we have a very simple task it seems to me. Maybe I'm wrong about that. I think it's a very limited task and it involves whether a dismissal with prejudice was envisioned by the mandate, whether the dismissal where the panel said this case should have been dismissed on Rockman's motion. Accordingly, summary judgment is reversed and then envisioned proceedings taking place on remand. I think it's very clear that proceedings would be taking place on remand and maybe according to Ms. Rockman, those proceedings were dismissal with prejudice according to her motion to dismiss. But now her argument isn't about what she said in her motion to dismiss. Her argument is about the proceeding on appeal of Excalibur I and that wasn't raised at the time and it wasn't in the opinion and that's a new wrinkle in our disagreement. But with regard to what was decided in that case and what was raised before that court, the issue is very narrow and it's whether the trial court exceeded the scope of mandate and there are, again, three reasons. If we affirm the trial court, what is the effect on Excalibur? If you affirm the trial court is going to multiply the if there will be some multiplication of litigation based on Ms. Rockman's approach to litigation and There will be multiplication? She's going to allege res judicata and that will be decided in the trial court apparently on a motion to dismiss. In the tax proceeding. In the tax proceeding. Right. On a motion to dismiss. It seems to me that a lot of these facts will be decided all over in whatever proceeding is going on. Whether the 214-01 was filed timely, all of this will be decided by another court. Is that fair? Whether 214 was filed timely is definitely an issue. I mean, just issues generally. All this factual stuff. Am I looking at this incorrectly is what I'm saying. We're going to decide whether to affirm or not affirm the trial court. Maybe with some direction, maybe not. But all these other facts, am I wrong that they will be decided in some other forum as a consequence of our ruling? When I filed my motion, my notice of appeal, I envisioned the motion to dismiss to proceed and the trial court would have decided whether this was res judicata or not. And then the trial court stayed there proceeding to wait for this court to decide whether the trial court had exceeded the mandate. But if you look at the transcript that Ms. Rothman's counsel is referring to, the trial court stated that it envisioned that it would be 14. Thank you, counsel. We'll take this case under advisement. We're going to take a recess, a lunch break. I know we'll be gone for 45 minutes at least for our lunch break. So we've got cases set at 1. It's going to be 1.30 before we start with the 1 o'clock call. Court is in recess.